United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

    Plaintiff,

v.

JOHN'S OF WILLOW GLEN INC.,

    Defendant.

Case No. 21-cv-04850-RS

**ORDER DENYING MOTION TO DISMISS**

    Plaintiff Brian Whitaker, a quadriplegic who uses a wheelchair for mobility, brought this suit under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against John's of Willow Glen, Inc., which owns a restaurant by the same name in San Jose, California. Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 16. At this juncture, dismissal pursuant to Rule 12(b)(1) based on a lack of standing is premature, as Plaintiff not only contests whether Defendant possesses wheelchair-accessible tables, but also whether Defendant provides such tables. Further, Defendant forfeited its Rule 12(b)(6) argument by raising the argument for the first time in the reply brief. Accordingly, the motion to dismiss is denied as to both Rule 12(b)(1) and Rule 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for November 4, 2021 is vacated.

**I. Factual Background**

    In his complaint, Plaintiff avers that he visited John's of Willow Glen twice in June 2021,

but does not specify the dates. ¶ 8. He avers that "on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA Standards as it relates to wheelchair users" and that "[t]he Restaurant provides dining surfaces to its customers but fails to provide any wheelchair accessible outside dining surfaces." ¶¶ 10–11. He further avers that there was a "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users" and "the defendants currently fail to provide wheelchair accessible dining surfaces." ¶¶ 13–14.

In its motion to dismiss, Defendant John's of Willow Glen states that its owner and operator, Antonio Carmona, purchased ADA-compliant outdoor tables months before Plaintiff's visit, and includes a declaration from Carmona along with the receipt for the ADA-complaint tables. Carmona Decl., Dkt. 16-3. Defendant also states that it engaged a Certified Access Specialist (CASp) to conduct a CASp inspection of the restaurant following receipt of Plaintiff's complaint. Defendant provided a declaration from the CASp expert, Denise East, and a copy of the report indicating that both the indoor and outdoor dining surfaces were ADA-compliant. East Decl., Dkt. 16-2.

## II. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A. <u>Legal Standard</u>

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendant asserts a factual attack on Plaintiff's standing. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* The party asserting federal subject matter jurisdiction has the burden of proving the existence of jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

"Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, which means the court no longer has subject-matter jurisdiction over the ADA claim." *Johnson v. Case Ventures, LLC*, No. 5:19-CV-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (citing *Grove v. De La Cruz*, 407

1  F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005)). "When the jurisdictional issue is intertwined with
2  the merits, a court must 'apply the summary judgment standard in deciding the motion to
3  dismiss.'" *Id.* (quoting *Johnson v. Cal. Welding Supply Inc.*, No. CIV. 2:11–01669 WBS, 2011
4  WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011)). In doing so, the court cannot resolve a genuine
5  dispute of material fact. *Id.* (citing *Safe Air*, 373 F.3d at 1039); *see also Rosales v. United States*,
6  824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so
7  intertwined that resolution of the jurisdictional question is dependent on factual issues going to the
8  merits, the district court should employ the standard applicable to a motion for summary judgment
9  and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are
10 not in dispute and the moving party is entitled to prevail as a matter of law.").

B. Discussion

Defendant presents a factual attack on subject matter jurisdiction. Defendant argues there is no subject matter jurisdiction because there was no ADA violation in the first place, and even if there was an ADA violation, that the facility is now compliant. Defendant's first argument, that there was no ADA violation at the outset, is inappropriate for resolution at this juncture via a motion to dismiss, because it is dependent on factual disputes. Defendant contests both whether Plaintiff visited the restaurant and whether he made a request for a wheelchair-accessible table, and states that no employee remembers a person in a wheelchair being denied a wheelchair-accessible table in the period surrounding Plaintiff's visit. Plainitff's declaration accompanying the opposition to the motion to dismiss states that he visited the restaurant twice in June and that there were no accessible tables outside of the restaurant. Whitaker Decl., Dkt. 17-1. Although this declaration does not address whether he requested the use of an accessible table, which is relevant to the question of whether one would have been made available to him, at this juncture there is a genuine dispute of material fact as to whether there was an ADA violation at the time of his visit. Thus, based on the present disputed facts, the argument that there is no standing because there was no ADA violation fails. *See Johnson v. Case Ventures,* 2020 WL 4747908, at *2.

Defendant's second argument—that even if there was an ADA violation, the issue has been

ORDER DENYING MOTION TO DISMISS
CASE NO. 21-cv-04850-RS

3

1  remedied—is also inappropriate for resolution via a motion to dismiss. Defendant focuses its

2  argument on its ownership of wheelchair-accessible tables. Plaintiff, however, focuses on whether

3  Defendant makes those tables available to customers. Once again, there is a genuine dispute of

4  material fact as to whether Defendant made wheelchair-accessible tables available at the time of

5  Plaintiff's visit. Defendant may be able to succeed following discovery by showing that Plaintiff

6  failed to request a table but would have been provided with an accessible table had he done so, or

7  that at the time of Plaintiff's visits the tables were not yet set up for customers because the table

8  was stored indoors while the restaurant was closed. The court, though, cannot resolve those

9  disputed facts at this juncture. Thus, the Rule 12(b)(1) motion to dismiss for lack of subject matter

10  jurisdiction is denied.

### III. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

12  Defendant states that its motion is based upon both Rule 12(b)(1) and Rule 12(b)(6).

13  Defendant, however, only provides argument in the motion to dismiss for why this court lacks

14  subject matter jurisdiction, not why the Plaintiff failed to state a claim. Defendant does briefly

15  argue in its reply that the case should be dismissed for failure to state a claim under Rule 12(b)(6).

16  This argument, however, was not included in the motion to dismiss. Generally, "[i]t is improper

17  for a moving party to introduce new facts or different legal arguments in the reply brief than those

18  presented in the moving papers." *Dytch v. Yoon*, No. C 10–02915 MEJ, 2011 WL 839421, at *3

19  (N.D. Cal. Mar. 7, 2011) (internal quotation marks and citation omitted); *see also Dragu v. Motion

20  Picture Indus. Health Plan for Active Participants*, 144 F. Supp. 3d 1097, 1113 (N.D. Cal. 2015).

21  Accordingly, Defendant has forfeited this Rule 12(b)(6) argument.

### IV. Conclusion

23  For the foregoing reasons, the motion to dismiss pursuant to Rule 12(b)(1) and Rule

24  12(b)(2) is denied. As the motion to dismiss the federal ADA claim is denied, the motion to

25  dismiss Plaintiff's Unruh Act claim for lack of supplemental jurisdiction is denied as moot.

27  **IT IS SO ORDERED**.

Dated: October 27, 2021

_____
RICHARD SEEBORG
Chief United States District Judge